## STATE v. HILLIARD BYNUM.

(Filed 26 October, 1921.)

**Appeal and Error—Weight of Evidence—Objections and Exceptions—Court's Discretion.**

Where the indictment, verdict, and judgment appealed from are formally correct, objection that the trial court should have set aside the verdict as contrary to the weight of the evidence, is to the exercise of his sound discretion, and not reviewable.

APPEAL by defendant from *Daniels J.,* at September Term, 1921, of ORANGE.

Indictment for perjury. Defendant was convicted, and from sentence on the roads of Orange County for four months, appealed to this Court, assigning for error:

1. For that his Honor declined to set aside the verdict as contrary to the weight of the evidence.

2. For that his Honor entered judgment on the verdict.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*R. O. Everett for defendant.*

HOKE, J. The bill of indictment, the verdict, and judgment are formally correct, and the only exception to the validity of the trial being on a matter in the sound discretion of the court, we must affirm the judgment. The defendant was without the benefit of counsel in the court below, and for the reasons stated, we are not at liberty to consider the positions so forcibly urged in his behalf in the argument here.

On the record, while it was entirely proper to submit the case to the jury, we find very little in the testimony to justify a conviction of willful and corrupt perjury, and we deem it no impropriety to suggest that the facts as now presented to us would seem to justify a petition for executive clemency. We are confirmed in the view by the further fact that the careful, considerate, and able judge who tried the cause has imposed the minimum punishment allowed by the law for an offense of this kind.

No error.